NATIONAL ASSOCIATION OF REG-
ULATORY UTILITY COMMIS-
SIONERS, Petitioner

v.

UNITED STATES DEPARTMENT OF
ENERGY and United States of
America, Respondents.

Nos. 10–1074, 10–1076.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 13, 2010.

Robin Kimlin Jensen Lunt, James Brad-
ford Ramsay, National Association of Reg-
ulatory Utility Commissioners, Washing-
ton, DC, for Petitioner.

Aaron Peter Avila, Harold Dewitt Les-
ter, Jr., Allen Michael Brabender, Jeanne
Evelyn Davidson, Ellen J. Durkee, U.S.
Department of Justice, Washington, DC,
for Respondents.

Before: SENTELLE, Chief Judge;
BROWN, Circuit Judge; and WILLIAMS,
Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the rec-
ord and the briefs submitted by the par-
ties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR.
R. 34(j). The court has accorded the is-
sues full consideration and has determined
they do not warrant a published opinion.
*See* D.C. CIR. R. 36(d). It is

ORDERED AND ADJUDGED that the
petition for review is dismissed.

The Nuclear Waste Policy Act (the
"Act"), 42 U.S.C. § 10101 *et seq.*, author-
izes the Secretary of Energy to enter into
contracts with generators of high-level ra-
dioactive waste and spent nuclear fuel (to-
gether, "nuclear waste"). 42 U.S.C.
§ 10222(a)(1). The contracts must require
the Secretary to dispose of the nuclear
waste and, in exchange, require payment
from the producers of the waste according
to the terms of the Act. § 10222(a)(1), (5).
For nuclear waste sold on or after 90 days
after the enactment of the Act, the Secre-
tary must charge a fee of 1 mil per kilo-
watt-hour, § 10222(a)(2), which is to be
deposited into the Nuclear Waste Fund
("NWF"), § 10222(c). Thereafter, the
Secretary must conduct an annual assess-
ment of the NWF fee to determine wheth-
er it is adequate to offset the costs of its
statutorily enumerated waste disposal ac-
tivities. § 10222(a)(4). If the Secretary
determines that "insufficient or excess rev-
enues" are being collected, he shall pro-
pose to Congress an adjustment of the fee.
*Id.*

Petitioners ask us to order the Secre-
tary to conduct an annual assessment un-
der the Act and to suspend the NWF fee
pending completion of his annual assess-
ment. Because the Secretary has since
conducted his annual assessment, these
two claims are moot and we lack jurisdic-
tion to address them. *See Powell v.
McCormack*, 395 U.S. 486, 496, 89 S.Ct.
1944, 23 L.Ed.2d 491 (1969) ("[A] case is
moot when the issues presented are no
longer 'live' or the parties lack a legally
cognizable interest in the outcome."). Pe-
titioners also request that we order the
Secretary to suspend the NWF fee in light
of the current status of Department of
Energy's waste disposal program. This
request is unripe. *See Eagle–Picher In-
dus., Inc. v. EPA*, 759 F.2d 905, 917
(D.C.Cir.1985) ("[T]he interest in postpon-
ing review is strong if the agency position

whose validity is in issue is not in fact the agency's final position." (quoting *Continental Air Lines, Inc. v. Civil Aeronautics Bd.,* 522 F.2d 107, 125 (D.C.Cir.1975) (en banc))). Given the Secretary's recent completion of his annual assessment, petitioners may now be able to properly raise this claim through a challenge to that assessment.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.